**1342**

Gabriela F. PHILLIPS, as Administratrix
of the Estate of William Stanton Phillips, Deceased, Plaintiff-Appellant,

v.

FIRST NATIONAL CITY BANK OF
NEW YORK, a National Banking Association, Defendant-Appellee.

No. 476, Docket 35343.

United States Court of Appeals,
Second Circuit.

Argued March 9, 1971.

Decided March 22, 1971.

Eric A. Rose, Long Beach, Cal. (Zalk, Rubel & Perret, New York City, on the brief), for plaintiff-appellant.

Richard H. Troy, New York City (Shearman & Sterling, New York City, on the brief), for defendant-appellee.

Before HAYS and FEINBERG, Circuit Judges, and CURTIN, District Judge.*

FEINBERG, Circuit Judge:

Plaintiff Gabriela F. Phillips, administratrix of the estate of William Stanton Phillips, appeals from an order of the United States District Court for the Southern District of New York, John M. Cannella, J., granting summary judgment to defendant First National City Bank of New York. The case grows out of a family dispute as to who is entitled to the proceeds of a negotiable sight draft issued in July 1959, almost 12 years ago. For reasons given below, we affirm the judgment of the district court.

The background of the dispute is as follows. In Montevideo, Uruguay, in 1959, Mrs. Helen Ham Phillips obtained from defendant's Montevideo branch sight draft No. 25555 for $30,000 payable to her order, drawn on defendant's head office located in New York City. The draft, along with $3,000 other consideration, was issued to Mrs. Phillips in exchange for a cashier's check in the amount of $33,000 payable to her order. A month later, the Bank issued sight draft No. 25959, the subject of this law suit, in exchange for sight draft No. 25555. The new draft was also for $30,000, but the named payee was not Helen Ham Phillips but her son William Stanton Phillips (plaintiff's decedent). The transaction was carried out by William upon the alleged authorization of his mother.

William, who was then 37, died in Uruguay five days later. Since then, there has been a struggle between William's estate and his mother, each claiming the $30,000 represented by draft No. 25959. The dispute has been bitter, including charges that the mother's authorization for the second draft, now sued upon, was forged. For some years after

* Of the Western District of New York, sitting by designation.

William's death that draft could not even be found, but in 1964 the Bank's branch in Montevideo discovered it while opening safe deposit boxes for which the rent had gone unpaid. Since then the draft has remained in Uruguay pending estate proceedings there to claim the property.

Plaintiff filed the present action in December 1964, seeking payment of the draft. Mrs. Helen Ham Phillips died in June 1966, but her heirs and representatives have continued to assert her claim to the draft. The case limped along in the district court while settlement negotiations were attempted until an order of the calendar part brought matters to a head. Defendant Bank has recognized its basic obligation to honor the draft, but in view of the conflicting claims has refused to do so without a settlement between the contending parties, and without presentment of the instrument to it. The Bank eventually moved in the district court for summary judgment on the ground that the N.Y. Negotiable Instruments Law § 134[1] required that the instrument be surrendered before the Bank could be called upon to pay. Since plaintiff concededly does not have the sight draft, which is still in Uruguay, Judge Cannella granted summary judgment. The judge left open the possibility that at some future time the Bank might be liable to pay plaintiff if she established the right to possession of and title to the draft.

We affirm the order of the court below, but we must disavow any implied approval of the conduct of all the parties to date. As a result of the inability of the contending interests to agree on a settlement, the $30,000 has remained with the Bank for almost 12 years although the Bank concedes that someone is entitled to it. We would suggest that it is incumbent upon the Bank now to do more than sit back and leave the contending estates to their quarrel. Appar-

ently both are amenable to judicial process in California, and the Bank should explore all further possible affirmative steps under state, federal or foreign law to obtain a judicial ruling as to which group is entitled to the $30,000 proceeds.

Judgment affirmed.

---

[1]. Because the transaction involved here occurred before the effective date of the Uniform Commercial Code, the Negotiable Instruments Law applies. N.Y. Uniform Commercial Code §§ 10–101, 10–105 (McKinney 1964).